UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PARNELL E. MYLES, JR.,**

    Petitioner,

    v.                                                                 Case No. 22-CV-144-SCD

**CHRIS BUESGEN,**
   *Warden, Stanley Correctional Institution,*

    Respondent.

---

### ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

---

    In February 2022, Parnell Myles, Jr., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Wisconsin conviction for homicide by intoxicated use of a vehicle after a prior intoxicated-driving conviction/revocation. *See* ECF No. 1. Myles alleged four potential grounds for relief: (1) the trial court erroneously exercised its discretion when it gave controlling weight to the victim's age at sentencing; (2) the plea agreement was breached when the trial court dismissed and read in an operating-while-revoked charge; (3) critical exculpatory evidence was ignored; and (4) his conviction should not have been classified as a class C felony because he did not intend to cause the victim's death. The matter was randomly assigned to this court, and I permitted Myles to proceed on claims two and three. *See* ECF No. 4.

    Thereafter, Myles sought to stay his petition so that he could return to state court to challenge the representation provided by his trial and appellate lawyers. *See* ECF Nos. 8, 18. I denied both requests. *See* ECF Nos. 10, 27. Myles did not demonstrate good cause for failing

to exhaust his ineffective assistance of trial counsel claim in state court, the one-year limitation period had already expired with respect to his proposed ineffective assistance of appellate counsel claim, and his appellate counsel claim would not relate back to the date of his original petition. On June 11, 2024, I denied Myles' habeas petition, finding that he procedurally defaulted both claims, he failed to show an excuse for that default, and the record demonstrated that the plea agreement was not breached. *See* ECF No. 35. Judgment was entered that same day. *See* ECF No. 36.

On June 24, 2024, Myles filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Thus, relief under Rule 59(e) is an "extraordinary" remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Myles contends that I committed two manifest errors of law. He first argues that I erred in not dismissing his petition without prejudice for failure to exhaust state-court remedies.

Myles, however, never requested to voluntarily dismiss his habeas petition so he could return to state court. Instead, he sought to excuse his procedural default by showing cause for the default and resulting prejudice, *see* ECF Nos. 28, 34—an argument I rejected, *see* ECF No. 35 at 9–10, 15, that Myles does not challenge here. At any rate, a dismissal without prejudice would have been bad for Myles, as the one-year limitation period had already expired. *See* 28 U.S.C. § 2244(d). In other words, a dismissal without prejudice effectively would have been a dismissal *with prejudice* and resulted in Myles missing his chance at obtaining federal habeas relief.

Myles also argues that I erred in not granting his motion to stay so he could exhaust his critical evidence claim. But Myles never requested that relief. Rather, he asked to stay these habeas proceedings so that he could exhaust ineffective assistance of counsel claims not raised in his original petition. *See* ECF Nos. 8, 18. To the extent those claims encompassed his critical evidence claim, Myles has not demonstrated that I disregarded, misapplied, or failed to recognize controlling precedent in denying his requests for a stay. I denied those requests because Myles failed to show good cause for not exhausting his claims in state court earlier, because the one-year limitation period had already expired with respect to Myles' proposed ineffective assistance of appellate counsel claim, and because the appellate counsel claim would not have related back to the date of his original petition. Myles does not take issue with those findings.

The only case Myles cites in his Rule 59(e) motion is *Haines v. Kerner*, 404 U.S. 519 (1972), which involved a *pro se* prisoner who sued state officials under 42 U.S.C. § 1983. The Supreme Court reversed the dismissal of the prisoner's complaint for failure to state a claim for relief, finding that the prisoner's allegations—"however inartfully pleaded"—were

3

Case 2:22-cv-00144-SCD    Filed 08/01/24    Page 3 of 4    Document 38

"sufficient to call for the opportunity to offer supporting evidence." *Id.* at 520–21. *Haines* does not demand a different result here. I did not find Myles' allegations deficient or dismiss his claims for a lack of proof. Nor does Myles identify how I may have misunderstood his arguments.

Accordingly, the court **DENIES** the petitioner's motion to alter or amend judgment, ECF No. 37.

**SO ORDERED** this 1st day of August, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge